Mr. Justice Wylie
delivered the opinion of the court:
It is manifest from the evidence in this case that the note in question was not what is termed business paper, but was a note made up by the maker and indorsers for the purpose of being sold, and the proceeds applied to the use of two of the indorsers. After it had thus been made up it was put into the hands of a broker, who sold it to the plaintiff at a considerable discount from the amount upon its face, the purchaser having notice of its character. The note was for $500, payable ninety days after date, with interest at the rate of ten per cent. It was sold for $460, and after the broker had taken out his commission the proceeds were reduced to $415. The sale of the note, being its original negotiation to a purchaser who had a perfect knowledge of its character, was, therefore, usurious, at least to the extent of the forty dollars discounted from its face. The act of 22d April, 1870, (16 Stats, at Large, 91,) section 3, declares: “ That if any person or corporation in this District shall contract to receive a greater rate of interest than ten per cent, upon any contract in writing, or six per cent, upon any verbal contract, such person or cor *588 poration shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation.”
The ruling of the circuit court was that the plaintiff might recover the $460 which he had paid for the note, together with interest at the rate of ten per cent, per annum to the day of payment. We think it clear that, under the provisions of the law just quoted, he was entitled to recover no more than the amount he paid for the note without interest.
There is another question presented upon the record, which, from its general interest, it may be proper not to pass over without notice, notwithstanding that the view we have taken of the other question would perhaps render such notice unnecessary.
The note in controversy was payable at ninety days, with interest at the rate of ten per cent, per annum. It was ruled by the court that the note carried the same rate of interest after maturity which it carried previous to that period.
This ruling we find to be in conflict with the decision of the Supreme Court of the United States, in Brewster vs. Wakefield, 22 How. R., 118. In the opinion of the court in that case Chief-Justice Taney says: “The question in controversy between the parties is whether, after day specified for the payment of the notes, the interest is to be calculated at the rates therein mentioned, or according to the rate established by law when there is no written contract on the subject between the parties. The question depends upon the construction of a statute of the Territory which is in the following words:
“Seo. 1. Any rate of interest agreed upon by the parties in contract, specifying the same in writing, shall be legal and valid.
“Sec. 2. When no rate is agreed upon or specified in a note or other contract, seven per cent, per annum shall be the legal rate.” * * * * *
“The written stipulation” (in that case) “as to interest” is interest from the date to the day specified for the payment. There is no stipulation in relation to interest after the notes become due, in case the debtor should fail to pay them ; and if the right to interest depended altogether on contract, and *589 was not given by law, in a case of this kind, the appellee would be entitled to no interest whatever after the day of payment. The contract being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provision in the contract, And in this view of the subject we think the territorial courts committed an error in allowing, after the notes fell due, a higher rate of interest than that established by law, where there was no contract to regulate it. The cases of Macomber vs. Durham, 8 Wen., 550; United States Bank vs. Chapin, 9 Wen., 471; and Ludwick vs. Muntsinger, 5 W. and S., 51, 60, were decided upon this principle, and in the opinion of the court correctly decided.”
The provisions contained in our statute of 22d April, 1870, already referred to, so far as relates to this question, are substantially the same as those quoted in the opinion of the Supreme Court, from the act of the Territory of Minnesota. The first two sections of our law are in these words:
“Sec. 1. That the rate of interest upon judgments or decrees, and upon the loan or forbearance of any money, goods, or things in action, shall continue to be six dollars upon one hundred dollars for one year, and after that rate for a greater or less sum, or for a longer or shorter time, except as hereinafter provided.
"Sec. 2. That in all contracts hereafter to be made it shall be lawful for the parties to stipulate, or agree in writing, that the rate of ten per cent, per annum, or any less sum of interest, shall be taken and paid upon every one hundred dollars of money loaned, or in any manner due and owing from any person or corporation in this District.”
We think, therefore, that in all cases under our law where the debtor has agreed in writing to pay interest exceeding six per cent, per annum, but not greater than ten, till the maturity of his obligation, but the contract is silent as to any rate of interest beyond that period, in case the debtor should be in fault, that no more than interest at the rate of six per cent, per annum can be recovered for the time subsequent to the maturity of the obligation.
The judgment must be reversed and new trial awarded.